BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE HOMEMAKERS FRANCHISE LITIGATION          DOCKET NO. 91

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

This motion for transfer involves two actions between
the same parties in two different districts -- the Northern
District of California and the Southern District of Florida.
Marvin W. Meyer, the common defendant, has moved for transfer
of the Florida action to California for pretrial proceedings.
Homemakers, Inc., the common plaintiff, opposes transfer.  No
basis for transfer under Section 1407 having been demonstrated,
we deny the motion.

Meyer, through several corporations owned by him,[1] was
a franchisee of Homemakers[2] at six different locations in

_____

*     Although Judges Murrah, Weinfeld and Robson were not present
at the hearing they have, with the consent of all parties, parti-
cipated in this decision.

[1]     Those corporations, which join in the motion, are Homemakers
Services SF, Inc., Homemakers Redwood City, Inc., Homemakers
Services Florida, Inc. and Homemakers Miami, Inc.

[2]     Homemakers is said to be in the business of acting as an
employment contractor for domestic and medically related services
and of franchising others to conduct similar businesses
under the service mark "Homemakers."  Additional defendants, joining
in Homemakers' opposition to transfer, are its subsidiary, Home-
maker International, its parent, The Upjohn Co., and its president,
Edward J. Wilsman.

- 2 -

California, Missouri and Florida.   A dispute between Meyer
and Homemakers concerning the franchise agreements arose
in 1970 and Homemakers commenced these actions immediately
thereafter.[3]   Both complaints allege breaches of the fran-
chise contracts and infringements of the service mark and seek
damages and an injunction to prevent Meyer from using the
service mark. In both jurisdictions Meyer has filed similar
counterclaims, alleging fraud in the sale of the franchises,
invalidity of the "Homemakers" mark, and violation of
the federal antitrust laws.[4]

The litigation has apparently been marked by the parties'
inability to cooperate in pretrial proceedings.  The California
court appointed a magistrate for the purpose of recommending
a discovery schedule, which is now in effect, although further
disagreements concerning discovery have occurred in that case.
At one point the parties entered into an agreement concerning
use in the Florida action of discovery taken in California.
They are now unable to agree on the scope of their agreement.

[3]     The California action names Meyer and the two California
franchisee corporations, Homemakers Services SF and Homemakers
Redwood City, as defendants.  The Florida action names Meyer and
the two Florida franchisee corporations, Homemakers Services
Florida and Homemakers Miami, as defendants.
[4]     Each counterclaim has certain counts not duplicated in the
other.  For example, the Florida counterclaim alleges violations
of the federal securities laws in connection with the sale of
plaintiff's franchises.  Similar allegations were dismissed with-
out prejudice in the California action. The Florida counterclaim
also alleges Homemakers' piracy of Meyer's Florida employees.  No
similar allegations are made in California.

- 3 -

Meyer maintains that they intended all discovery to be taken in California and usable in Florida.  Homemakers asserts that they intended this only as to depositions.

The impetus for this motion came from the efforts of the Florida court to move the action pending there toward trial. Meyer moved to stay proceedings in that action or to transfer it to California for trial.  The Florida court denied the motion, set a briefing schedule for outstanding motions and indicated that a final pretrial conference would be held in late 1971 with trial shortly thereafter.  Meyer then filed the motion for transfer  with the Panel.

In support of his motion, Meyer states that complex common issues of fact are  raised by his counterclaims concerning the validity of the "Homemakers" mark, the existence of fraud in Homemakers' inducement to Meyers to contract, and Homemakers' alleged violations of the antitrust laws.  He urges that unless both actions are assigned to a single judge, duplication of effort and possibly inconsistent results will follow.  He explains the lateness of his motion by stating that he believed that either his motion to transfer the Florida case or the agreement concerning use of California discovery would eliminate the problem of duplication.

Homemakers asserts that Meyer is attempting to appeal from the decision of the Florida court denying transfer and setting the case for trial.  It argues that the court's decision must

- 4 -

be presumed to have a sound basis in fact and attempts to
demonstrate that the Florida action is, in fact, more advanced
than the California action and ready for trial.  Homemakers
also contends that the only common question of fact concerns
the enforceability of its franchising program and that neither
the complaints nor the counterclaims raise complex issues of
fact.  Finally, it contends that transfer would delay trial
of the Florida action.

The existence of limited common questions of fact is
demonstrated by the similar allegations of the complaint and,
more significantly, the counterclaims.  However, we are not
convinced that these few questions are sufficiently complex
to require transfer under Section 1407 for the convenience
of the parties or the just and efficient conduct of the litiga-
tion.  In re Scotch Whiskey Antitrust Litigation, 299 F. Supp.
543 (J.P.M.L. 1969).  The Florida court has already concluded
that the action pending there is ready for trial and should not
be transferred.  As our past decisions indicate, see In re
Master Key Antitrust Litigation, 320 F. Supp. 1404 (J.P.M.L.
1971), we show great deference to district court decisions of
motions under 28 U.S.C. §1404(a) in actions brought before us.
And we can find no basis for reaching a conclusion contrary to
that of the Florida district court in the present case.

- 5 -

IT IS THEREFORE ORDERED that the motion for transfer of the actions listed on the attached Schedule A be, and hereby is, DENIED.

SCHEDULE A

## NORTHERN DISTRICT OF CALIFORNIA

Homemakers, Inc. v. Homemakers Services          Civil Action
of SF Inc., et al.                               C-70-1176-AJZ

## SOUTHERN DISTRICT OF FLORIDA

Homemakers, Inc. v. Homemakers Services Fla.,    Civil Action
Inc., et al.                                     70-791-Civ-CF